**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY RYAN, M.D., an individual, | No. 22-55144 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-05752-CAS-RAO |
| v. | |
| BRANT PUTNAM, M.D., an individual; JANINE VINTCH, M.D., an individual, | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| ANISH MAHAJAN, M.D.; et al., | |
| Defendants. | |
| TIMOTHY RYAN, M.D., an individual, | No. 22-55406 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-05752-CAS-RAO |
| v. | |
| CHRISTIAN DE VIRGILIO, M.D.; ROGER LEWIS, M.D., | |
| Defendants-Appellants, | |
| and | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| |
|---|
| BRANT PUTNAM, M.D., an individual; et al., |
| Defendants. |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted June 6, 2023
Pasadena, California

Before: WALLACE and OWENS, Circuit Judges, and FITZWATER,[**] District Judge.
Concurrence by Judge FITZWATER.

Defendants Brant Putnam, Janine Vintch, Roger Lewis, and Christian de Virgilio appeal from the district court's two denials of summary judgment on their qualified immunity defense to Timothy Ryan's 42 U.S.C. § 1983 action against them. Ryan claims Defendants violated his First Amendment rights by retaliating against his employment for reporting medical fraud. Because the parties are familiar with the facts, we do not recount them here. We affirm the denial of qualified immunity.

We review summary judgment rulings de novo. *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 776 (9th Cir. 2022). On interlocutory appeal of the

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

denial of summary judgment on a qualified immunity defense, our jurisdiction is limited to resolving legal questions. *See Plumhoff v. Rickard*, 572 U.S. 765, 771-73 (2014). "Where disputed facts exist, we assume that the version of the material facts asserted by the Plaintiff . . . is correct." *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009) (cleaned up).

Defendants are not entitled to qualified immunity if their conduct violated Ryan's First Amendment rights and constituted a violation of clearly established law at the time of the incidents. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). Clearly established law exists if precedent placed the unconstitutionality of the conduct "beyond debate." *White v. Pauly*, 580 U.S. 73, 78-79 (2017).

1. To establish a First Amendment retaliation claim, Ryan must show that his protected speech motivated Defendants to take an adverse employment action against him. *Eng*, 552 F.3d at 1070. Defendants assert that they are entitled to qualified immunity because there is no clearly established law showing that Ryan suffered an adverse employment action. However, we have previously held that a peer review committee's investigation of a doctor that threatened to revoke his clinical privileges was an adverse employment action. *See Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 977 (9th Cir. 2002). Thus, the initiation of the Focused Professional Performance Evaluation ("FPPE") of Ryan was an adverse employment action under clearly established law. The decision to impose a

behavioral contract and revoke clinical privileges in the alternative was also an adverse employment action under clearly established law. The revocation of clinical privileges will necessarily result in termination, a quintessential adverse employment action. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

Defendants argue that these actions are not sufficiently final to constitute adverse employment actions because the FPPE would not necessarily result in discipline and the decision to revoke privileges was subject to appeal. But we have previously held that actions for which the disciplinary outcome is uncertain—such as an investigatory inquiry—are adverse employment actions. *See, e.g.*, *Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007).

Defendants also contend that the actions against Ryan are not attributable to them under clearly established law because their only action was voting as members of the Medical Executive Committee. However, we have previously explained in this context that "[a]nyone who 'causes' any citizen to be subjected to a constitutional deprivation is . . . liable," and that the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional

4

injury." *Dahlia v. Rodriguez,* 735 F.3d 1060, 1078 n.22 (9th Cir. 2013) (en banc) (citations omitted).

    2.    To succeed in his claim, Ryan must also show that he spoke as a private citizen instead of as a public employee. *See Garcetti v. Ceballos,* 547 U.S. 410, 421 (2006). Defendants contend that they are entitled to qualified immunity because there is no clearly established law showing that Ryan spoke as a private citizen. "Statements are made in the speaker's capacity as [a private] citizen if the speaker had no official duty to make the questioned statements, or if the speech was not the product of performing the tasks the employee was paid to perform." *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1127 n.2 (9th Cir. 2008) (cleaned up).

Whether Ryan spoke as a private citizen depends on what his employment duties required, which is a factual dispute. *See Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1058-59 (9th Cir. 2013). Defendants contend that Ryan conceded that his speech was within the scope of his job by asking the county to indemnify him in Rodney White's lawsuit. However, the speech at issue here is Ryan's external reports of fraud to the District Attorney's office and the National Institutes of Health, which Ryan argues was not part of his job. Resolving this factual dispute in Ryan's favor, as we must, *Eng*, 552 F.3d at 1067, reporting suspected fraud externally was beyond the scope of his employment as a physician. And by the

5

time of the adverse employment actions, it was clearly established that speech by a public employee "not made pursuant to [their] official job duties" is made in their capacity as a private citizen. *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1074 (9th Cir. 2012).

      3.     Even where speech would otherwise be protected, Defendants can defeat Ryan's claim by demonstrating that their "legitimate administrative interests outweigh [Ryan's] First Amendment rights" and the public's interest in Ryan's speech. *Eng*, 552 F.3d at 1071; *see City of San Diego v. Roe*, 543 U.S. 77, 82 (2004). Here, Defendants assert that they are entitled to qualified immunity because there is no clearly established law showing that Ryan's interests outweigh theirs.

We have previously held that the interests of the public employee and the public in whistleblower speech outweigh the employer's interest where the employer shows only the potential for disturbance in the workplace. *See Robinson v. York*, 566 F.3d 817, 824 (9th Cir. 2009). Here, Defendants have shown *no* interest in suppressing Ryan's whistleblower speech because they do not argue that Ryan's reports of fraud caused disruption or affected patient care. Instead, they argue that their actions were justified by complaints of Ryan's unprofessional behavior largely unrelated to his reports of fraud. But the balancing inquiry does not allow public employers to suppress speech due to the speaker's other conduct.

6

*See Moser v. Las Vegas Metro. Police Dep't*, 984 F.3d 900, 910 (9th Cir. 2021) (noting that the proper inquiry is whether the *speech* in question threatened the employer's interests).

Because Defendants presented no argument that Ryan's whistleblowing itself harmed or would harm their interests, that they lose in the balancing analysis is "beyond debate" and therefore clearly established. *Pauly*, 580 U.S. at 79.

Whether Defendants would have taken the same adverse employment actions regardless of Ryan's whistleblowing is a separate question on which we express no opinion because it is not before us.

**AFFIRMED.**

FILED

JUN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Ryan v. Putnam*, 22-55144, 22-55406

FITZWATER, District Judge, concurring:

Considering the district court's decision in light of the record before it, and our limited appellate jurisdiction, *see, e.g.*, *Russell v. Lumitap*, 31 F.4th 729, 736 (9th Cir. 2022), I concur in the panel's decision to affirm the denial of qualified immunity for Defendants-Appellants. I write separately to emphasize that our affirmance does not remove qualified immunity from consideration on remand. In the words of another panel of this court, "[t]he result of our affirmance on this interlocutory appeal of the district court's denial of summary judgment motion based upon qualified immunity is to return the qualified immunity issue to the district court for determination on its merits. We express no view on those merits here . . . ." *Thompson v. Mahre*, 110 F.3d 716, 719 n.1 (9th Cir. 1997) (emphasis omitted) (quoting *Thompson v. Mahre and Steen*, 959 F.2d 241 (9th Cir. 1992) (mem.)).